# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE:                          )

                                     )

FRANKLIN PHARMACY, LLC,     )     BANKRUPTCY CASE NO:

                                     )     14-80089-CRJ-11

       Debtor.               )

                                     )

## MOTION TO APPROVE TRUST AGREEMENT

COMES NOW the Post-Confirmation Creditor's Committee (the "Committee") and moves the Court to (1) approve the form of a certain trust agreement executed in connection with the settlement between the Committee and the liquidating trustee approved by the Court by Order of March 27, 2018 [Dkt. 816]; and, (2) to authorize and direct the parties to enter into such agreement:

1.      On January 10, 2014, Franklin Pharmacy, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code"), Case No. 14-80089-CRJ (the "Franklin Bankruptcy Case") in the United tates Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

2.      On November 10, 2014, the Bankruptcy Court entered an Order (the "Confirmation Order") confirming the Debtor's plan of reorganization (as amended, the "Plan") and appointing Mr. J. Lester Alexander as the Liquidating Trustee of the Debtor's estate. The Committee was appointed, pursuant to the Plan and the Confirmation Order, to represent the interests of creditors and to oversee the performance by the Liquidating Trustee of his obliga-tions under the Plan.

3.      By Order of March 27, 2018 (the "Settlement Order") the Court approved a certain Stipulation and Agreement (the "Settlement Agreement") between and among various parties, including, without limitation, the Trustee and the Committee. [Dkt. 816]. The Settlement contemplates, among other things, the assignment by the Trustee of substantially all of the remaining assets of the estate, with amounts withheld to pay professional fees and to close out this case, to an entity designated by the Committee.

4.      The Committee has designated a trust as the entity to accept the assignment from the Trustee. A copy of the proposed agreement for the trust (the "Trust Agreement") is attached hereto as **Exhibit A**.

5.      Pursuant to this motion, the Committee seeks an order approving the trust agreement and authorizing the contemplated assignment by the Trustee to the Trust.

6.      The Committee respectfully submits that this motion is due to be granted, the relief requested being necessary and appropriate to implement the Settlement Agreement.

7.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

WHEREFORE, the Committee requests the Court to enter an Order granting the motion, approving the Truste Agreement, authorizing and directing the parties to enter into the Trust Agreement, and granting such other, further, or different relief as may be just and proper.

*/s/ James H. White*
James H. White, IV
JAMES WHITE FIRM, LLC
2001 First Avenue North, Suite 600
Birmingham, AL  35203
Telephone: 205-383-1812

2

Email:  james@whitefirmllc.com

COUNSEL FOR POST- CONFIRMATION
CREDITORS' COMMITTEE

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record this the 18th

day of May, 2018 via the Court's CM/ECF system.

_/s/_    _James H. White, IV_
James H. White, IV

3

**EXHIBIT A**

**FRANKLIN PHARMACY, LLC LIQUIDATING TRUST AGREEMENT**

# FRANKLIN PHARMACY, LLC LIQUIDATING TRUST AGREEMENT

THIS LIQUIDATING TRUST AGREEMENT (the "Agreement"), which pertains to the administration of this Franklin Pharmacy LLC Creditors Liquidating Trust, is entered into this the __ day of April 2018 (the "Effective Date"), by and among J. Lester Alexander, III, not individually, but solely in his capacity as liquidating trustee (the "Liquidating Trustee") of Franklin Pharmacy, LLC (the "Debtor") and Robert Gussenhoven, not individually, but solely in his capacity as the trustee of this trust (the "Trustee").

## RECITALS

A.      On January 10, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court"), Case No. 14-80089-CRJ-11.

B.      On November 10, 2014, the Bankruptcy Court entered an Order (the "Confirmation Order") confirming Plan and appointing Mr. Alexander as the Liquidating Trustee of the Debtor's estate. The interests of creditors were represented by the Post-Confirmation Creditors Committee (the "Committee").

C.      On August 5, 2015, the Trustee filed a complaint against Timothy Aaron; Shirley Ardell "Art" Moss, Deborah "Deb" Moss, James Wesley "Wes" Moss, Cary Moss, Lindsay Fladd, Barbara Bode, Kenneth Kreuscher, and Florida Pharmacy Solutions, Inc. ("Florida Pharmacy"), in the matter styled *J. Lester Alexander III, in his capacity as Liquidating Trustee for Franklin Pharmacy, LLC v. Timothy Aaron, et. al.* Case No. 15-cv-0134-AKK (the "District Court Case") pending in the United States District Court for the Northern District of Alabama (the "District Court").

D.      On or about December 4, 2015, the Trustee entered into a Settlement Agreement with Wes Moss, Cary Moss, Florida Pharmacy, and FPS Pharma, Inc. (the "Wes Moss Settlement Agreement"), pursuant to which the Trustee received, among other consideration, a Promissory Note dated December 18, 2015 in the amount of $1.8 million, and secured by a Stock Pledge Agreement, two separate Assignments of Claims, and a Security Agreement.

E.      FPS Pharma, Inc. satisfied its obligations under the FPS Settlement Agreement and was dismissed as a party to the District Court case.

F.      Wes Moss, Cary Moss, and Florida Pharmacy defaulted on their obligations under the $1.8 million note.

G.      On May 10, 2016, the District Court entered a partial final judgment in the District Court Case in favor of the Liquidating Trustee and against defendants Florida Pharmacy, Cary Moss, and Wes Moss, in the amount of $1.8 million plus accrued interest the ("Florida Pharmacy Judgment").

H.      The Florida Pharmacy Judgment did not resolve claims, demands and causes

of action asserted by the Trustee against certain defendants including Art Moss and Deb Moss.

I.  On September 2, 2016, the District Court entered a final partial judgment in favor of the Trustee and against Deborah Moss in the amount of $959,189.74 (the "Deborah Moss Judgment"). Thereafter, the Trustee recorded the Judgment against certain real estate in which Mrs. Moss has an interest (the "Deb Moss Judgment Lien").

J.  On December 10, 2016, Deborah Moss filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, which case was subsequently converted to a case under Chapter 7, Case No. 16-83476-CRJ-7 (the "Moss Bankruptcy Case").

K.  On March 20, 2017, the Trustee commenced an adversary proceeding against Deborah Moss in her Chapter 7 case, seeking to have the Deborah Moss Judgment determined nondis-chargeable under Section 523(a)(4) of the Bankruptcy Code, in the matter styled *J. Lester Alexander, III, in his capacity as Liquidating Trustee of Franklin Pharmacy, LLC v. Deborah Moss*, Adv. Proc. No. 17-80018 (the "Moss Adversary Proceeding").

L.  On May 3, 2017, the Trustee recorded into the real estate ownership and encumbrance records of Pasco County, Florida, a certain Quit Claim Deed relating to the Zephyrhills Property, as hereafter defined, at Bk. 9535, pg. 2081-2083 (hereafter the "Quit Claim Deed").

M.  The Trustee entered into a settlement with Timothy Aaron, Lindsay Fladd, and Barbara Bode, which was fully performed; and, Mr. Aaron, Ms. Fladd, and Ms. Bode were dismissed from the District Court Case.

N.  The Trustee entered into a settlement with Robert White, which was fully performed; and, Mr. White was dismissed as a defendant in the District Court Case.

O.  The Trustee has entered into a written settlement agreement with Art Moss, Debbie Moss, and Cary Moss (the "Art Moss Settlement Agreement"), which the District Court approved by Order of October 3, 2017. Pursuant to the Art Moss Settlement, Art Moss executed and delivered to the Trustee a promissory note (the "Art Moss Note"), which matured on March 31, 2018.

P.  The Moss Note was and remains secured by (i) Mortgage and Security Agreement which granted the Trustee a mortgage on the certain commercial real estate and all improvements thereon located in Zephryhills, Florida, titled in the name of Art Moss (as more particularly described in said mortgage, the "Zephryhills Property"), an (ii) Assignment of Rents, Leases and Profits ("Art Moss Assignment of Rents") granting a security interest in all rent and income generated by the Zephyrhills Property, perfected by the filing of certain UCC-1 financing statements (the "Art Moss Financing Statements").

Q.  The Art Moss Settlement has not been fully performed as of the date of this Agreement, Mr. Moss having failed to make the payments due under the Art Moss Note on or before the maturity date.

2

R.     By Order of May 2, 2018, a judgment was entered in favor of the Trustee and against Art Moss in the District Court Case in the amount of $301,046.71.

S.     The Judgment against Wes Moss and Florida Pharmacy, remains outstanding, in the approximate amount of One Million Sixty Hundred Fifty Thousand ($1,650,000) Dollars plus accrued interest (the "Wes Moss Judgment").

T.     Kenneth Kreuscher was never served and was never made a party to the District Court case.

U.     By Order of March 27, 2018 (the "Bankruptcy Court Approval Order"), the Bankruptcy Court approved a Stipulation and Agreement between and among various parties, including the Trustee and the Committee, which the Stipulation and Agreement provides for, among other things, the payment of fees and expenses of professionals, a distribution to creditors, and the closing of the Bankruptcy Case.

V.     As of the date hereof, the Liquidating Trustee is the holder of the items of Property listed on **Schedule A.**

W.     The Bankruptcy Court Approval Order also provides for the assignment of the various judgments and other interests by the Trustee, including the property described in Schedule A, to an entity designated by the Committee, to collect the judgments held by the Trustee.

X.     The Parties desire to establish this liquidating trust for the benefit of Holders of Allowed Claims (the "Creditors Liquidating Trust"), which are described on **Schedule B** to this Agreement.

Y.     Robert Gussenhoven has agreed to act as trustee under the Agreement for purposes herein provided.

Z.     The Liquidating Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) that is treated as "grantor trust" for federal income tax purposes, and with no objective or authority to continue or engage in the conduct of a trade or business.

 NOW, THEREFORE, for and in consideration of the promises and mutual covenants herein contained, the Parties do hereby covenant and agree as follows:

## ARTICLE I

### Definitions; Interpretive Rules.

1.1     Terms Defined. Any capitalized term used and not defined herein shall have the meaning assigned to them in Plan and Confirmation Order.

1.2     Interpretive Rules. For purposes of this Agreement, except as otherwise expressly provided herein or unless the context otherwise requires: (a)

3

references to "Articles", "Sections", and other subdivisions, without reference to a particular document, are to be designated Articles, Sections, and other subdivisions of this Agreement; (b) the use of the term "including" means "including but not limited to"; and (c) the words "herein", "hereof", "hereunder", and other words of similar import refer to this Agreement as a whole and not to any particular provision (unless otherwise specified). The enumeration and headings contained in this Agreement are for convenience of reference only and are not intended to have any substantive significance in interpreting this Agreement. The singular shall include the plural and the plural the singular, when the context so requires, and the feminine, the masculine, and the neuter genders shall be mutually inclusive.

## ARTICLE II

### Creation of the Liquidating Trust, Appointment of Trustee

2.1     <u>Establishment of the Liquidating Trust</u>. The Parties hereby establish the Creditors Liquidating Trust. Robert Gussenhoven is hereby appointed Trustee and Robert Gussenhoven hereby accepts such appointment, to hold and administer the Assets and all of the Debtor's assets transferred to the Liquidating Trust on the Trust Effective Date (collectively, the "<u>Liquidating Trust Assets</u>") on the terms and conditions as set forth in this Agreement. This Agreement and the Liquidating Trust created hereunder are hereby declared to be irrevocable and the Debtor shall not have any right at any time to withdraw any of the property held hereunder or to revoke, annul, or cancel the Liquidating Trust created hereunder in whole or in part, or to alter, amend, or modify this Agreement in any respect.

2.2     <u>Trust Name</u>. The trust created hereby shall be known as the **Franklin Pharmacy, LLC Creditors Liquidating Trust**, in which name the Trustee may, among other things, conduct the business of the Liquidating Trust, make and execute contracts on behalf of the Liquidating Trust, sue and be sued on behalf of the Liquidating Trust, and take such other actions as the Trustee is authorized hereunder to take.

## ARTICLE III

### Purpose, Administration

3.1     <u>Purpose of the Liquidating Trust</u>. The Liquidating Trust shall be established for the sole purpose of liquidating and distributing and resolving the claims to the Liquidating Trust Assets, in accordance with Treasury Regulations Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. Accordingly, the Trustee shall, in an expeditious but orderly manner, make timely distributions of the Liquidating trust Assets and not unduly prolong the duration of the Liquidating Trust.

3.2     <u>Purpose of Agreement</u>. The Parties hereby enter into this Agreement for the purposes of establishing the Liquidating Trust and authorizing the Trustee to, among other things: (i) prosecute the Civil Actions as Plaintiff; (ii) take action to enforce the

4

judgments, settlements, collateral, and other property held by the Trustee, including, without limitation, recording and domesticating the judgments, levying on the judgments, and issuing garnishments, levies, executions, writs, and other proceedings supplementary in aid of the collection of the judgments; (iii) administer the assets of this Trust, including, without limitation, the payment of the fees and expenses of the Trust and the disbursement of the proceeds to the Holders of Allowed Claims; and, (iv) the distribute Available Funds to the Holders of Allowed Claims. All activities of the Trustee shall be reasonably necessary to, and consistent with, the accomplishment of these purposes; all of such purposes benefit the Liquidating Trust. Except as set forth herein, nothing contained herein shall be deemed to limit the authority of the Trustee.

   3.3 <u>Administration of the Liquidating Trust Assets</u>. From and after the Effective Date, the Trustee shall take all steps as he deems to be reasonable and in the best interests of Holders of Allowed Claims as beneficiaries (the "<u>Beneficiaries</u>").

   3.4 <u>Tax Treatment of Liquidating Trust</u>. For United States federal and applicable state income tax purposes, the transfer of the Liquidating Trust Assets to the Trustee pursuant to and in accordance with the Stipulation Agreement shall be treated as a disposition of such assets directly to and for the benefit of the Beneficiaries. The Beneficiaries will be treated as the grantors and owners of the Liquidating Trust. All earnings of the Liquidating Trust shall be currently taxable to the Beneficiaries in the year in which such earnings are realized. The Liquidating Trust is intended to qualify as a liquidating trust that is treated as a "grantor trust" for federal income tax purposes, and the Trustee shall use his best efforts to operate and maintain the Liquidating Trust in compliance with Internal Revenue Service Revenue Procedure 94-45, 1994- 2 C.B. 684, and Treasury Regulation Sections 1.671-4(a) and 301.7701-4(d) and all subsequent guidelines regarding liquidating trusts issued by the Internal Revenue Service.

   3.5 <u>Incorporation of Agreement</u>. The Stipulation Agreement is hereby incorporated into this Agreement and made a part hereof by this reference.

# ARTICLE IV

## Limited Existence

   4.1 <u>Limited Existence</u>. Pursuant to the terms of the this Agreement, from and after the Effective Date, the Debtor shall remain in existence for the sole purpose of permitting the Trustee to wind up the Debtor's business, including disposing of the Liquidating Trust Assets in accordance with the provisions of the Stipulation Agreement. Upon the completion of such liquidation and the material completion of all duties under the Stipulation Agreement and Confirmation Order, the Trustee on behalf of the Debtor shall file a certificate of dissolution or cancellation and other certificates or documents as may be or become necessary with the State of Alabama to implement the termination of the legal existence of the Debtor.

# ARTICLE V

## Duties, Rights and Powers of Trustee

5

5.1    <u>Status of Trustee</u>. The Liquidating Trust shall be a party-in-interest as to all matters over which the Bankruptcy Court and District Court have jurisdiction, including, without limitation, the District Court Case and the Moss Adversary Proceeding. The Liquidating Trustee shall have full power and authority to prosecute the District Court Case, to enforce the various judgments arising out of that case, to prosecute the Moss Adversary Proceeding, and to liquidate the Liquidating Trust assets, including the Property.

5.2    <u>Duties of Trustee</u>. The Trustee shall have the exclusive right and duty to liquidate the Liquidating Trust Assets and collect all income and make distributions to the Beneficiaries from the Liquidating Trust.

5.3    <u>Standard of Care</u>. The Trustee shall exercise its rights and powers vested in it by this Agreement and use reasonable business judgment in its exercise of his duties. Subject to applicable law, the Trustee shall not be liable to the Liquidating Trust or any Beneficiary for any act he may do or omit to do as a Trustee while acting in good faith and in the exercise of his reasonable business judgment. The foregoing limitation on liability will apply equally to the agents, professionals, attorneys, and/or employees of and Trustee acting on behalf of the any Trustee in the fulfillment of the Trustee's duties hereunder.

5.4    <u>Bond</u>. The Trustee shall not be required to post a bond.

5.5    <u>Trustee's Rights and Powers</u>. The Trustee shall act on behalf of the Liquidating Trust and, in addition to any powers conferred by court order, shall be vested with all rights, powers, privileges and benefits afforded to trustees Sections 19-3B-815 and 19-3B-816 of the Code of Alabama, including, without limitation, attorney-client and work product privilege. The Trustee shall have all the powers and authority set forth herein necessary to effect the disposition, orderly liquidation, and/or distribution of all Liquidating Trust Assets. As of the Effective Date, the rights and powers of the Trustee shall include the right and power to:

(a)    Liquidate or otherwise reduce to cash the Liquidating Trust Assets;

(b)    Commence, conduct, and prosecute such foreclosures, civil actions, proceedings supplementary, garnishments, public sales, private sales, and other proceedings at the Trustee, is the exercise of his or her discretion, deems necessary or appropriate to liquidate the Liquidating Trust Assets.

(c)    Make distributions to holders of Liquidating Assets to the Beneficiaries hereunder;

(d)    Invest the Liquidating Trust Assets;

6

(e) Maintain and administer the Cash in the Liquidating Trust;

(f) Wind up the affairs of the Debtor;

(g) Enforce, carry out and perform the Trustee's duties under the Stipulation and this Agreement;

(h) Sell at public or private sale, or exchange, transfer, or convey, on such terms and conditions, and at such time or times as the Trustee shall determine, any or all of the Liquidating Trust Assets; to that end, grant options, make contracts, retain brokers, and sign, seal, acknowledge, and deliver any and all proper deeds, or other instruments of conveyance or transfer thereof; and delegate to an attorney-in-fact the power to execute all documents necessary to accomplish a sale, lease, transfer, or exchange of such property;

(i) Obtain and maintain such space, facilities, equipment, supplies and personnel as shall be reasonably necessary for the performance of the Trustee's duties;

(j) Pay all expenses and obligations of the Liquidating Trust, including professional fees, out of the Liquidating Trust Assets;

(k) Retain counsel or special counsel, financial advisor or accountant, and employ other individuals in connection with the administration of the liquidation, and pay all reasonable and necessary costs of any litigation directly or indirectly involving the Debtor or the Liquidating Trust Assets;

(l) Exercise all powers regarding the Debtor's tax matters, including filing tax returns, to the same extent as if the Trustee were the debtor in possession;

(m) When the assets of the Liquidating Trust Assets have been distributed in accordance with the Stipulation Agreement, dissolve this trust;

(n) If at any time the Trustee determines, in reliance upon such professionals as the Trustee may retain, that the expense of administering the Liquidating Trust so as to make a final distribution to the Beneficiaries is likely to exceed the value of the assets remaining in the Liquidating Trust, the Trustee may dissolve the trust;

(o) Hold legal title to any and all rights of the Beneficiaries in or arising from the Liquidating Trust or Liquidating Trust Assets;

(p) Execute and file any and all documents, regulatory filings and transfer applications and take any and all other actions related to, or in connection with, the liquidation of the Liquidating Trust, the exercise of the Trustee's powers granted herein and the enforcement of any and all instruments, contracts, agreements or causes of action relating to the Liquidating Trust or the Liquidating Trust Assets;

7

(q)     Open and maintain bank accounts and deposit funds, draw checks and make disbursements in accordance with this Agreement;

(r)     File, if necessary, any and all tax and information returns with respect to the Liquidating Trust treating the Liquidating Trust as a grantor trust pursuant to Section 1.671-4(a) of the Treasury Regulations and pay taxes properly payable by the Liquidating Trust, if any, and make distributions to Beneficiaries net of any such taxes;

(w)     Withhold from the amount distributable to any Beneficiary such amount as may be sufficient to pay any tax or other charge which the Liquidating Trust has determined, in his reasonable discretion, may be required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof. In the exercise of his discretion and judgment, the Trustee may enter into agreements with taxing or other governmental authorities for the payment of such amounts as may be withheld in accordance with the provisions hereof;

(x)     Appear and participate in any proceeding before the Bankruptcy Court with respect to any matter regarding or relating to this Agreement, the Stipulation Agreement, Confirmation Order, or the Liquidating Trust; and

(z)     Otherwise take such other actions as shall be necessary to implement this Agreement.

5.6     <u>Court Approval</u>. Except as provided herein, the Trustee may discharge his duties without further approval of the Bankruptcy Court, the District Court, or any other court or tribunal; <u>provided, however</u>, that, in the event that the Trustee received funds which, upon the payment of the Trusts costs and expenses, exceeds $75,000 the Trustee shall file an appropriate motion with the Bankruptcy Court to request that the Bankruptcy Court authorize and approve such distribution.

5.7     <u>Selection of Agents</u>. The Trustee may select and employ, and determine compensation for, law firms, brokers, consultants, custodians, investment advisors, asset services, auditors, accountants, and other agents as the Trustee deems necessary (collectively, the "<u>Trustee Professionals</u>") to assist it in carrying out his duties, with the reasonable fees and expenses of such professionals to be paid by the Liquidating Trust.

5.8     The Trustee shall not be liable for any loss to the Debtor or its estate or any person interested therein by reason of any mistake or default of any such agent or consultant.

5.9     <u>Signature</u>. As of the Effective Date of this Agreement, the Trustee shall have the signature power and authority on behalf of the Liquidating Trust to (a) open and close accounts with any banking, financial or investment institution; (b) make deposits and

8

withdrawals of cash and other property into or from any such account; (c) make or endorse checks with respect to any such account; and (d) effectuate purchases and sales of securities and give security purchase and sale orders to brokers or any other third parties, and the exercise of such power and authority shall be deemed to be authorized by and to represent the decision of the Trustee then entitled to make such decision.

5.10    Maintenance of Register. The Trustee shall at all times maintain or cause to be maintained a register of the names, addresses, and amount of the Beneficiaries.

5.11    Liability of Trustee.

(a)    Liability; Indemnification. The Trustee, the Trustee Professionals, the Trustee's agents and servants, and any of the members or former members of the Committee shall not in any way be liable for any acts or omissions to act except by reason of their gross negligence, willful misconduct, fraud or a criminal act in the performance of their duties under the Stipulation Agreement, Confirmation Order, or this Agreement. The Liquidating Trust shall indemnify the Trustee, the Trustee Professionals, the Trustee's agents and servants, and any of the members of the Committee and hold them harmless from and against any and all liabilities, expenses, claims, damages and losses incurred by them as a direct result of actions taken or omissions to act by them in such capacity or otherwise related to this Agreement or the Liquidating Trust. The Liquidating Trust shall indemnify and hold harmless any entity who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such entity is or was the Trustee, a Trustee Professional, the Trustee's agent or servant, or a member of the Committee, against all costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent permitted by applicable law, except in the case of the Trustee, if such costs and expenses, judgments, fines or amounts paid in settlement are found in a final, nonappealable judgment by a court of competent jurisdiction to have resulted from the Trustee's gross negligence or willful misconduct. Costs or expenses incurred by any entity entitled to the benefit of the provisions of this Section 5.11 in defending any such action, suit or proceeding may be paid by the Liquidating Trust in advance of the institution or final disposition of such action, suit or proceeding, if authorized by the Trustee, subject to providing an undertaking to repay all such advanced amounts if it is subsequently determined that such entity is not entitled to indemnification under this Section 5.11. Any dispute regarding such indemnification of the Trustee shall be resolved only by the Bankruptcy Court, which shall retain jurisdiction over matters relating to the indemnification provided under this Section 5.11. The Trustee may in its discretion purchase and maintain insurance on behalf of any entity who is or was a beneficiary of this provision. Promptly after receipt by an indemnified party or parties (the "Indemnified Party") of notice of any claim, or notice of commencement of any action, suit or proceeding by an entity other than the Trustee, in respect of which the Indemnified Party may seek indemnification from the Liquidating Trust pursuant to this Section 5.11, the Indemnified Party, if not the Liquidating Trust, shall notify the Trustee of such claim, action, suit or proceeding and shall thereafter promptly convey all further communications and information in respect thereof to the Trustee. If the Indemnified Party is the Trustee, the Trustee shall notify the Bankruptcy Court of such claim, action, suit or proceeding and shall thereafter promptly convey all further communications and information

9

in respect thereof to the Bankruptcy Court. The Trustee shall, if it so elects, have sole control at the expense of the Liquidating Trust over the contest, settlement, adjustment or compromise of any claim, action, suit or proceeding in respect of which this Section 5.11 requires that the Liquidating Trust indemnify the Indemnified Party. If the Trustee is the Indemnified Party, he shall obtain the written approval of Bankruptcy Court before settling, adjusting or compromising any claim, action suit or proceeding in respect of which this Section 5.11 requires that the Liquidating Trust indemnify the Indemnified Party. The Indemnified Party shall cooperate with the reasonable requests of the Trustee in connection with such contest, settlement, adjustment or compromises, provided that (i) the Indemnified Party may, if it so elects, employ counsel at its own expense to assist in (but not control) the handling of such claim, action, suit or proceeding, (ii) the Trustee shall obtain the prior written approval of the Indemnified Party before entering into any settlement, adjustment or compromise of such claim, action, suit or proceeding, or ceasing to defend against such claim, action, suit or proceeding, if pursuant thereto or as a result thereof injunction or other relief would be imposed upon the Indemnified Party, and (iii) the Indemnified Party shall obtain the prior written approval of the Trustee, or, if the Trustee is the Indemnified Party, the prior written approval of the Bankruptcy Court, before entering into any settlement, adjustment or compromise of such claim, action, suit or proceeding, or ceasing to defend against such claim, action, suit or proceeding, and no such settlement, adjustment or compromise shall be binding on the Liquidating Trust without such approval.

(b)     No Liability for Acts of Predecessor. No successor Trustee shall be in any way responsible for the acts or omissions of any Trustee in office prior to the date on which such person becomes a Trustee, nor shall he be obligated to inquire into the validity or propriety of any such act or omission, unless such successor Trustee expressly assumes such responsibility. Any successor Trustee shall be entitled to accept as conclusive any final accounting and statement of the Liquidating Trust Assets furnished to such successor Trustee by such predecessor Trustee and shall further be responsible only for those Liquidating Trust Assets included in such statement.

(c)     No Implied Obligations. The Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no other or further covenants or obligations shall be implied into this Agreement. The Trustee shall not be responsible in any manner whatsoever for the correctness of any recitals, statements, representations, or warranties herein or in any documents or instrument evidencing or otherwise constituting a part of the Liquidating Trust Assets. The Trustee makes no representations as to the value of the Liquidating Trust Assets or any part thereof, nor as to the validity, execution, enforceability, legality, or sufficiency of this Agreement; and the Trustee shall incur no liability or responsibility with respect to any such matters.

(d)     Reliance by Trustee on Documents or Advice of Counsel or Other Entities. Except as otherwise provided herein, the Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, and other paper or document reasonably believed to be genuine and to have been signed or presented by the proper party or parties, and shall have no liability or responsibility with respect to the form, execution, or validity thereof. None of the provisions hereof shall require the Trustee to expend or risk his own funds or otherwise

10

incur financial liability or expense in the performance of any duties hereunder.

(e)     <u>No Personal Obligation for Debtor's Liabilities</u>. Claimholders and other persons dealing with the Trustee in his capacity as Trustee within the scope of this Agreement, shall look solely to the Liquidating Trust Assets to satisfy any liability incurred by the Trustee to such person in carrying out the terms of this Agreement, and the Trustee shall have no personal or individual obligation to satisfy any such liability.

5.12    <u>Establishment of Trust Accounts</u>. The Trustee may, but shall not be required, establish or cause to be established and maintained any accounts needed in connection with the purposes of the Liquidating Trust (the "<u>Trust Account</u>").

5.13    <u>Tax Returns</u>. From and after the Effective Date, to the extent required, the Trustee shall be responsible for the filing of any and all federal and state tax returns or other filings as required by law to be filed on behalf of the Liquidating Trust. Such returns shall be consistent with the treatment of the Liquidating Trust as a grantor trust pursuant to Section 1.671-4(a) of the Treasury Regulations.

5.14    <u>Reimbursements</u>. The Trustee, any agents or consultants employed pursuant to this Agreement, Trustee Professionals and members of the Committee shall be reimbursed from the Liquidating Trust Assets for all reasonable out-of- pocket expenses incurred in the performance of their duties hereunder in addition to any compensation received pursuant to this Agreement.

5.15    <u>Reimbursement of the Trustee's and Trustee Professionals' Fees and Expenses</u>.  Pursuant to this Agreement, the Trustee may pay from the Liquidating Trust Assets all reasonable fees and expenses incurred in connection with the duties and actions of the Trustee, including, but not limited to, fees and expenses of any Trustee Professionals retained under this Agreement and fees and expenses to pay insurance, taxes and other expenses arising in the ordinary course of business in maintaining, liquidating, disposing of and the distribution of the Liquidating Trust Assets and compensation to the Trustee.

5.15    <u>Waiver to Provide Information</u>.  Pursuant to Section 19-3B-105 Code of Alabama (1975), all the duties of the trustee to provide information to beneficiaries as provided in Section 19-3B-813 Code of Alabama (1975) are waived, and the trustee shall be relieved from complying with Section 19-3B-813 Code of Alabama (1975) except for any non-waivable provision therein, <u>provided</u>, <u>further</u>, that the Trustee shall, upon written request, provide such information to a Beneficiary of the Trust as the Beneficiary may reasonably request.

## ARTICLE VI

## Beneficiaries

6.1    <u>Identification of Beneficiaries</u>. The Trust is created for the benefit of the Beneficiaries. The Beneficiaries shall each have an interest in certain assets of the Liquidating Trust ("<u>Beneficial Interest</u>"). The Beneficiaries are those parties holding Allowed Claims in the Bankruptcy Case.

11

6.2    <u>Rights of Beneficiaries</u>. Each Beneficiary shall be entitled to participate in the rights due to a Beneficiary hereunder and the Stipulation Agreement. Each Beneficiary shall take and hold its Beneficial Interest subject to all in the terms and provisions of this Agreement and the Stipulation Agreement. The Beneficial Interests shall not be certificated and shall not be transferable, assignable, pledged or hypothecated in whole or in part. No Beneficiary shall have legal title to any part of the Liquidating Trust Assets. Any such transfer shall not be effective. The interest of a Beneficiary of the Liquidating Trust is in all respects personal property, and upon the death, insolvency or incapacity of an individual Beneficiary, such Beneficiary's Beneficial Interest shall pass to the legal representative of such Beneficiary. A Beneficiary shall have no title to, or any right to possess, manage or control, the Liquidating Trust Assets, or any portion thereof or interest therein, except as expressly provided herein. No surviving spouse, heir or devisee of any deceased Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the Liquidating Trust Assets, but the whole title to all the Liquidating Trust Assets shall be vested in the Trustee and the sole interest of the Beneficiaries shall be the rights and benefits provided to such persons under this Agreement and the Stipulation Agreement.

# ARTICLE VIII

## Removal or Resignation of Trustee

8.1    <u>Removal of Trustee</u>. The Trustee appointed pursuant to this Agreement may be removed for cause upon order of the Bankruptcy Court. If a Trustee is removed for cause, such Trustee shall not be entitled to any accrued but unpaid fees, reimbursements or other compensation under this Agreement or otherwise. For purposes of this Agreement, the term "cause" shall mean (a) the Trustee's gross negligence, willful misconduct or willful failure to perform his duties under this Agreement or (b) the Trustee's misappropriation or embezzlement of any Liquidating Trust Assets or the proceeds thereof. If the Trustee is removed other than for "cause", or is unwilling or unable to serve (a) by virtue of his inability to perform his duties under this Agreement due to death, illness, or other physical or mental disability, (b) by virtue of appointment of a new Trustee, or (c) for any other reason whatsoever other than for "cause," subject to a final accounting, the Trustee shall be entitled to all accrued and unpaid fees, reimbursement, and other compensation, to the extent incurred or arising or relating to events occurring before such removal, and to any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties and all rights to any successor Trustee.

8.2    <u>Resignation of Trustee</u>. The Trustee may resign as Trustee at any time by giving prior written notice thereof to the Beneficiaries (the "<u>Notice</u>"); <u>provided</u>, <u>however</u>, that such resignation shall not be effective earlier than thirty (30) days after the date of such Notice, unless an earlier effective date is allowed by the Bankruptcy Court or by the Committee. If the Trustee resigns from his position hereunder, subject to a final accounting, he shall be entitled to all accrued unpaid fees, reimbursement, and other compensation to the extent incurred or arising or relating to events occurring before such resignation, and any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties to the successor Trustee.

12

8.3    <u>Successor Trustee</u>. In the event that the Trustee is removed, resigns, or otherwise ceases to serve as Liquidating Trustee, a successor Trustee shall be appointed by a vote of the Beneficiaries, weighted by the amount of their claims. In the event the Beneficiaries unwilling or unable to designate any such successor, the Beneficiaries may seek appointment of a trustee from a court of competent jurisdiction or, in the alternative, dissolve the trust.

## ARTICLE IX

### Effect of Agreement on Third Parties

There is no obligation on the part of any person dealing with the Debtor's estate, the Debtor, or the Trustee, any agent, servant or professional of the Trustee, or any member or former member of the Committee to see to the application of the money or other consideration paid or delivered to the Trustee, or any agent of the Trustee, or to inquire into the validity, expediency, or propriety of any such transaction, or the authority of the Trustee, or any agent of the Trustee, to enter into or consummate the same, except upon such terms as the Trustee may deem advisable.

## ARTICLE X

### Waiver

No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by such party of any right or remedy pursuant thereto. Resort to one form of remedy shall not constitute a waiver of alternative remedies.

## ARTICLE XI

### Termination of Agreement and Amendment

This Agreement (other than the provisions of Article V hereof and related provisions) shall terminate and the Liquidating Trust shall dissolve and terminate and be of no further force or effect upon the earlier to occur of the final Distribution of all monies and other Liquidating Trust Assets in accordance with the terms of this Agreement and dissolving the Liquidating Trust. The Trustee may, for cause, including, without limitation, a determination by the Trustee, which shall be made by the Trustee in the exercise of his sole discretion, that the costs of pursuing the liquidation of the Trust assets is likely to exceed the benefits, decide to dissolve the Trustee and terminate this agreement.

11.2    <u>Amendment of Agreement</u>. Except as otherwise set forth herein, any provisions of this Agreement may be amended, modified, terminated, revoked, or altered only in writing by the Trustee and a majority vote of the Beneficiaries or order by the Bankruptcy Court. Notwithstanding this Section 11.2, any amendments to this Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Trust Assets in accordance with Treasury

13

Regulations Section 301.7701-4(d) and Articles II and III hereof.

## ARTICLE XII

## Miscellaneous

12.1 <u>Intention of Parties to Establish the Liquidating Trust</u>. This Agreement is not intended to create, and shall not be interpreted as creating, an association, partnership or joint venture of any kind. It is intended as a trust to be governed and construed in all respects as a trust.

12.2 <u>Filing Documents</u>. A copy of this Agreement and all amendments thereof shall be maintained in an office or residence of the Trustee and shall be available for inspection.

12.3 <u>Books and Records</u>. On the date hereof, the Alexander, as reasonably requested by the Trustee, shall transfer to the Liquidating Trust all of the books and records of the Debtor in the Debtor's possession, and shall instruct any third parties or professionals possessing such books and records (including computer generated or computer maintained books, records and data, legal and accounting files maintained by any professional of the Debtor and other of the Debtor's books and records maintained by or in the possession of third parties), to turn over or permit access to (at the election of the party to whom the request is made) such books and records as may be reasonably requested by the Trustee, <u>provided, however</u>, that the Trustee shall only request such books and records or access thereto to the extent reasonably necessary to or desirable for the Trustee's performance of his or her duties hereunder.

12.4 <u>Tax Identification Numbers</u>. The Trustee may require any Beneficiary to furnish to the Trustee, (i) its employer or taxpayer identification number as assigned by the Internal Revenue Service, and (ii) such other information, records or documents necessary to satisfy the Trustee's tax reporting obligations (including certificates of non-foreign status). The Trustee may condition the payment of any Distribution to any Beneficiary upon receipt of such identification number and requested documents.

12.5 <u>Privilege</u>. The attorney-client privilege, work product doctrine and other privileges or immunities shall be transferred to the Liquidating Trust. The Trustee is authorized to assert or waive any such privilege or doctrine, as necessary or appropriate for the administration of the Liquidating Trust.

12.6 <u>Governing Law</u>. This Agreement shall be construed in accordance with the laws of the state of Alabama, without reference to its conflict of law provisions, and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws.

12.7 <u>Severability</u>. If any one or more of the provisions herein, or the application thereof in any circumstances, is held invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforceability of any such provision in every other respect, and of the remaining provisions, shall not be in any way impaired or affected.

14

In such event, there shall be added as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable. The effective date of the added provision shall be the date upon which the prior provision was held to be invalid, illegal or unenforceable.

12.8    Entire Agreement. This Agreement (including the recitals) constitutes the entire agreement of the parties with respect to the subject matter hereof and there are no representations, warranties, covenants, or obligations except as set forth herein or therein. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. In the event of any inconsistency between this Agreement and the Stipulation Agreement, the terms of the Stipulation and Agreement shall govern provided, however, that the Trustee may amend, modify and/or correct the terms hereof to supersede the Stipulation Agreement with the approval and consent of a court of competent jurisdiction. Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto and their respective heirs, administrators, executors, successors, and assigns any rights or remedies under or by reason of this Agreement.

12.9    Jurisdiction; Venue, Etc. Each party hereto irrevocably agrees that any suit, action or proceeding with respect to this Agreement shall be brought in the United States Bankruptcy Court for the Northern District of Alabama, and by execution and delivery of this Agreement, each party (a) irrevocably submits to each such jurisdiction and venue, (b) waives, to the fullest extent permitted by law, any objection that it may have to the laying of the venue of any such suit, action or proceeding brought in such court has been brought in an inconvenient forum, and (c) agrees that final judgment in any such suit, action or proceeding brought in such a court shall be conclusive and binding upon it and may be enforced in any court to the jurisdiction of which such party is subject by a suit upon such judgment, provided that service of process is effected as otherwise permitted by law.

12.10    Notices. Unless otherwise expressly specified or permitted by the terms hereof, any notice, request, submission, instruction or other document to be given hereunder by a party shall be in writing and shall be deemed to have been given, (a) when received if given in person, (b) upon delivery, if delivered by a nationally known commercial courier service providing next day delivery service (such as Federal Express), or (c) upon delivery, or refusal of delivery, if deposited in the U.S. mail, certified or registered mail, return receipt requested, postage prepaid.

12.11    WAIVER OF JURY TRIAL. Each Party to this agreement hereby irrevocably waives all rights to trial by jury in any action, proceeding or counterclaim arising out of or relating to this agreement or the transactions contemplated thereby.

12.12    Further Assurances. Each Party hereto (and his respective successors and assigns) shall, upon the Trustee's reasonable request, execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, such further instruments, and do or cause to be done, such further acts, as may be necessary to carry out the purposes of this Agreement and to vest in the Trustee the powers and duties contemplated hereunder.

15

12.13    Exculpatory Provisions and Survival Thereof. Whether or not expressly therein so provided, any and all exculpatory provisions, immunities and indemnities, and any limitations and negations of liability contained in this Agreement, in each case inuring to the benefit of the Trustee, shall survive (i) the termination or revocation of this Agreement, and (ii) as to any person who has served as Trustee, the resignation or removal of such person as Trustee.

12.14    Conflicts. In the event of any inconsistency between the Stipulation Agreement or Confirmation Order, on the one hand, and this Agreement, on the other, the terms and provisions of the Stipulation Agreement or Confirmation Order shall govern.

12.15    Headings. The headings of the various Articles and Sections herein are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

12.16    Successors and Assigns. All covenants and agreements contained herein shall, as applicable, be binding upon, and inure to the benefit of the Committee and the Trustee and its successors, all as herein provided.

12.17    Separate Counterparts. This Agreement may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.


IN WITNESS WHEREOF, the undersigned have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.


J. LESTER ALEXANDER, as Liquidating Trustee

_____


ROBERT GUSSENHOVEN, as Trustee under this Agreement

_____


16

<u>Schedule A</u>

**Florida Pharmacy, Wes Moss, Cary Moss Settlement Documents:**

1) Certificate of Judgment dated May 13, 2016 in favor of J. Lester Alexander, as Liquidating Trustee, against Florida Pharmacy Solutions, Inc., J. Wesley Moss, and Cary Moss in the amount of $1,800,000.

2) Assignment of Claims dated as of December 18, 2015 from FPS Pharma, Inc. to J. Lester Alexander against Hill, Ward & Henderson, Professional Association.

3) Assignment of Claims by Florida Pharmacy Solutions, Inc. Promissory Note dated December 18, 2015.

4) Stock Pledge Agreement dated as of December 18, 2015.

5) Stock Power dated December 30, 2015 signed by Cary Moss.

6) Stock Power dated December 30, 2015, signed by J. Welsey Moss.

7) UCC Financing Statement dated January 21, 2016.

8) Florida Pharmacy Solutions, Inc. Stock Certificates.

**Art Moss Settlement Documents:**

9) Settlement Agreement dated October 2, 2017.

10) Promissory Note dated October 2, 2017 in the amount of $255,000.

11) Assignment of Rents, Leases, and Profits dated October 2, 2017.

12) Mortgage and Security Agreement dated October 2, 2017.

13) The Art Moss Financing Statements.

14) Judgment dated May 2, 2018.

**Debb Moss Judgment Documents:**

15) Debb Moss Judgment.

16) Debb Moss Judgment Liens.

17) Title Binder for Real Property located in Lawrence County, owned by Debbie Moss, Reginald Blankenship, Janice Aaron, devisees of the Estate of Willard Harold Blankinship a/k/a Willard Harold Blankenship.

17

SCHEDULE B
BENEFICIARIES OF TRUST

| Claim # | Entity | Amount | Amount Paid in Initial Distribution Under the Plan | Second Interim Distribution | Proposed Third Interim Distribution |
|---|---|---|---|---|---|
| not listed | Franklin Land Management | 1,229.00 | 566.00 | 203.00 | 71.50 |
| not listed | Illinois Dept of Finance | 10,000.00 | 4,600.00 | 1,649.00 | 583.00 |
| not listed | Innovative Discovery | 154,889.00 | 71,249.00 | 25,539.00 | 9,038.70 |
| 4 | Franchise Tax Board (unsecured) | 1,588.00 | 731.00 | 262.00 | 92.40 |
| 5 | Russellville Utilities | 3,899.00 | 1,794.00 | 643.00 | 227.70 |
| 12 | j2 Global, Inc. | 3,196.00 | 1,470.00 | 527.00 | 187.00 |
| 17 | OptumRx, Inc. | 143,610.00 | 66,060.00 | 23,679.00 | 8,379.80 |
| 21* | Samuel Richard Moss | 1,371,782.00 | 631,020.00 | 226,184.00 | 10,000.00 |
| 22 | Robert Gussenhoven | 1,371,782.00 | 631,020.00 | 226,184.00 | 80,048.10 |
| 23 | BellSouth Telecommunications | 1,751.00 | 805.00 | 289.00 | 102.30 |
| 24 | Dickstein Shapiro, LLP | 0.00 | | | |
| 25 | Dickstein Shapiro, LLP | 24,204.41 | | 15,127.75 | 1,412.40 |
| 26 | Medicare | 148,836.00 | 68,465.00 | 24,541.00 | 8,685.60 |
| 27 | Express Scripts, Inc. | 20,083.00 | 9,238.00 | 3,311.00 | 1,171.50 |
| TOTAL | | 3,256,849.41 | 1,487,018.00 | 549,138.75 | 120,000.00 |

* The claim of Samuel Richard Moss (claim #21) pursuant to the compromise (filed as Docket #675
and approved by this Court Docket #753) has limited his distribution under this distribution and subsequent distributions to $10,000.